THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMAR VAZQUEZ-LIMON,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | CASE NO. C24-1370-JCC<br><br>ORDER |

This matter comes before the Court on Omar Vazquez-Limon's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. No. 1) (hereinafter "habeas petition" or "habeas relief"). For the reasons described below, the Court DECLINES service and DISMISSES the petition.

In 2023, Mr. Vazquez-Limon signed a plea agreement and entered a plea of guilty for Conspiracy to Distribute Controlled Substances. *See United States v. Valdez-Sanudo*, Case No. CR20-0217-JCC-2, Dkt. No. 514 at 14 (W.D. Wash. 2023). As part of the plea agreement, Mr. Vazquez-Limon agreed to certain sentencing factors for the Court to consider in its final calculation of his sentence. *Id*. at 8. He also waived his right to directly appeal or collaterally attack his conviction and/or sentence—except for a challenge based on the ineffective assistance of counsel ("IAC"). *Id*. at 12. The Court subsequently sentenced him to 120 months' imprisonment followed by five years of supervised release. *Id.*, Dkt. No. 665 at 2–3.

Mr. Vazquez-Limon now moves for habeas relief[1] based on IAC. (*See generally* Dkt. No. 1.) Specifically, Mr. Vazquez-Limon posits that his counsel failed to challenge three factors guiding his final calculated sentence: (1) the enhancement he received under United States Sentencing Guideline ("USSG") § 2D1.1(b)(1), (*see id*. at 4); (2) the Court's "erroneous calculation" of his final base offense level, (*see id*. at 5, 21); and (3) the enhancement he received under USSG § 3B1.1(b), (*see id*. at 7). Mr. Vazquez-Limon contends that his counsel's failure to challenge the Court's consideration of these factors thereby amounts to ineffective assistance. (*See generally id*.) Here, the Court FINDS the motion, files, and records of the case conclusively show that Mr. Vazquez-Limon is not entitled to the relief he seeks. *See* 28 U.S.C. § 2255(b).

Even though Mr. Vazquez-Limon raises permissible collateral attacks in the form of IAC claims, each claim nevertheless rests on an inherently faulty premise. Mr. Vazquez-Limon argues that his counsel rendered ineffective assistance by failing to object to the Court's consideration of three factors affecting his sentence. (*See* Dkt. No. 1 at 4–7.) Yet Mr. Vazquez-Limon explicitly agreed to all three sentencing factors in his plea agreement. *See* Case No. CR20-0217-JCC-2, Dkt. No. 514 at 5–9. In other words, it cannot be that Mr. Vazquez-Limon's counsel rendered ineffective assistance by failing to object to the Court's consideration of certain sentencing factors, when Mr. Vazquez-Limon explicitly agreed to each and stated to the Honorable Brian A. Tsuchida, United States Magistrate Judge, that he understood and acknowledged this when entering his guilty plea. *See id.*, Dkt. No. 512 (entry of change of plea

---

[1] To state a cognizable claim for habeas relief, a petitioner must assert that he or she is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Before directing service and answer to a habeas petition, the Court must determine whether the motion, the files, and the records of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In reviewing such a petition, a court may rely upon the original proceeding's record and evidence filed by the parties. *Shah v. United States,* 878 F.2d 1156, 1160 (9th Cir. 1989). It may also employ its own recollection, experience, and common sense. *Id.*

proceeding, noting that the Court reviewed the plea agreement with Defendant). Mr. Vazquez-Limon essentially seeks direct appeal of his sentence, but he waived this right when he signed the plea agreement.

Accordingly, the Court DECLINES to serve Mr. Vazquez-Limon's petition on the Government and DISMISSES this case.

DATED this 4th day of September 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE